# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHALENE JOHNSON,** | : | **CIVIL ACTION NO. 1:12-CV-444** |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| v. | : | |
| **FEDERAL EXPRESS CORPORATION,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Plaintiff Cathalene Johnson filed the above-captioned action against defendant Federal Express Corporation, alleging race and sex discrimination in violation of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended, (2) the Civil Rights Act of 1991, 42 U.S.C. § 1981, (3) the Equal Pay Act, 29 U.S.C. § 206(d), and (4) the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951 *et seq*. Presently before the court in the above-captioned matter is a motion to exclude non-disclosed evidence (Doc. 82) pursuant to Federal Rule of Civil Procedure 37. For the reasons that follow, the court will deny the motion.

## I. Factual Background & Procedural History

Plaintiff Cathalene Johnson ("Johnson"), an African-American female, was employed by defendant Federal Express Corporation ("FedEx"), an international package delivery company, as a Senior Service Agent in FedEx's York, Pennsylvania station for over 17 years. (Doc. 1 ¶¶ 12-14). On March 12, 2012, Johnson filed a complaint against FedEx for race and sex discrimination, alleging

that FedEx allowed Craig Pooler, a Caucasian male, to receive higher courier pay while working as a service agent. (Id. ¶¶ 16-19). Upon the conclusion of discovery, the parties filed cross-motions for summary judgment. (Doc. 67; Doc. 71). Johnson presently alleges that, in its Statement of Undisputed Material Facts (Doc. 73), FedEx cited witnesses and documents not disclosed to Johnson during discovery in violation of Federal Rule of Civil Procedure 26. (Doc. 82). Pursuant to Rule 37, Johnson moves the court to sanction FedEx for its failure to disclose by excluding the non-disclosed evidence in summary judgment and at trial. (Id.)

## II. Discussion

Under the Federal Rules of Civil Procedure, a party who fails to comply with the requirements of Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The non-producing party has the "burden of proving substantial justification or that its failure to produce was harmless." Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002). Substantial justification for the failure to make a required disclosure means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Id. (internal quotation and citation omitted). Failure to comply with Rule 26(a) is harmless "if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Id. at 176 (internal

2

quotation and citation omitted); see also Crooks v. Nat'l Oilwell Varco, L.P., No. 3:10-CV-1036, 2013 WL 3481581, at *3 (M.D. Pa. June 24, 2013).

The imposition of sanctions pursuant to Rule 37 for abuse of discovery is a matter within the court's discretion. Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995). However, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.'" See *In re* Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977)). The court must consider the following factors prior to exercising its discretion to exclude evidence: (1) the importance of the evidence in question; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the possibility of curing the prejudice; (4) the likelihood of disruption of trial; (5) the explanation of the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence. See Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 718 (3d Cir. 1997) (quoting Meyers, 559 F.2d at 904-05); Cmty. Ass'n Underwriters of Am., Inc. v. Rhodes Dev. Grp., Inc., No. 1:09-CV-0257, 2013 WL 3510714 (M.D. Pa. July 11, 2013).

### A.  Alleged Failure to Disclose Witnesses

In the case *sub judice*, Johnson asserts that FedEx did not identify Tracy Crawford, Sheila Accorso, or Larry Bizzell as potential witnesses in its initial disclosures pursuant to Federal Rule of Civil Procedure 26. (Doc. 83 at 1-2). FedEx

3

further failed to identify these witnesses in response to Johnson's interrogatories requesting names and testimony of potential witnesses. (Id. at 2). FedEx counters that it merely replaced previously disclosed corporate witnesses who were no longer available. (Doc. 96 at 2-3). FedEx also asserts that it properly disclosed Mr. Bizzell as a witness for corporate depositions under Rule 30(b)(6). (Id. at 3; Doc. 96-3 ¶¶ 14-15). FedEx further argues that any failure to disclose the witness was harmless because the sole purpose for the testimony of Ms. Accorso, Ms. Crawford, and Mr. Bizzell is to authenticate FedEx's business records in accordance with Federal Rule of Evidence 901 and explain the format and meaning of the records. (Doc. 96 at 2).

### B. Alleged Failure to Disclose Exhibits

Johnson also alleges that FedEx failed to produce several exhibits regarding salaries and overtime hours that were attached to the Declaration of Sheila R. Accorso (Doc. 73-7) in support of the motion for summary judgment. (Doc. 83 at 2-3). FedEx asserts that the exhibits relate to other FedEx stations in Lancaster and Reading as well as detailed information about the York station, which Johnson did not seek in the course of discovery. (Doc. 96 at 1, 5-7).

### C. Application of Factors Relevant to Exclusion of Evidence

The first factor, the importance of the evidence, weighs against exclusion. The evidence in Ms. Accorso's affidavit and related exhibits, which detail salaries and hours worked for employees at the York, Lancaster, and Reading stations, is important to the issue of race and sex discrimination in this case. (Doc. 73-7). Both

4

parties require the evidence to prove or disprove the allegation that sex or race discrimination influences compensation of FedEx employees. (See Doc. 96 at 2). Mr. Bizzell and Ms. Crawford's averments that Mr. Pooler possessed special qualifications and completed additional courier tasks, which Johnson did not possess or complete, are also pertinent to the discrimination claims. (Doc. 73-18; Doc. 73-20). Evidence that Mr. Pooler and Johnson did not perform equal work may preclude the claim for unequal pay. See Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 156 (3d Cir. 1985).

The second factor also counsels against exclusion because FedEx's failure to disclose the evidence did not prejudice or surprise Johnson. Mr. Bizzell was disclosed six months prior to the motion for summary judgment even though FedEx withdrew him from the corporate depositions. (Doc. 96 at 3-4; Doc. 96-3 ¶ 14; Doc. 82-3, Ex. A). Ms. Crawford and Ms. Accorso were introduced as substitute witnesses for unavailable witnesses who were properly disclosed. (Doc. 96 at 2-3). Dawn Dogans-Baylor, a human resources employee, was on extended medical leave from May through September 2013. (Id. at 2; Doc. 96-1 ¶ 3). FedEx merely replaced Ms. Dogans-Baylor with Ms. Accorso, who also works in the human resources department, for purposes of establishing the summary judgment record. (Doc. 96 at 2). Alan Sanders was deposed on Mach 27, 2013 and retired from FedEx in May 2013. (Id. at 2-3). FedEx replaced him with Ms. Crawford, who assumed Mr. Sanders' responsibilities upon his retirement. (Id. at 2; Doc. 96-2 ¶ 2). Moreover,

5

FedEx delivered the underlying documents and information about which each witness testified on February 26, 2013. (Doc. 96 at 2-3). Thus, Johnson had the opportunity to challenge these witnesses or witnesses with substantially similar knowledge prior to the close of discovery.

The court may ameliorate any prejudice Johnson suffered from the introduction of new witnesses in accordance with the third factor by allowing for additional depositions. However, the court finds this cure unnecessary. Johnson had sufficient time to review the information and address any issues with the court or in its response to the motion for summary judgment. See, e.g., Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A., 741 F. Supp. 2d 705, 722 (E.D. Pa. 2010) (denying motion to exclude non-disclosed evidence because plaintiff had ample time to cure any prejudice from defendant's misconduct, such as a request to reopen discovery for limited purposes, prior to requesting extreme sanction of excluding evidence).

There is no concern for disrupting proceedings at this stage because no trial date has been set. (Doc. 96 at 4, 8). Thus, the fourth factor is neutral to the court's exclusion analysis.

Upon consideration of the fifth factor, FedEx justifies its failure to disclose the three additional witnesses because the witnesses merely acted as substitutes for properly disclosed corporate witnesses to authenticate FedEx's business records in accordance with the Federal Rules of Evidence. (Id. at 2). Such failure was also harmless because FedEx previously provided the underlying records to Johnson to the extent required. (Id. at 2-3). FedEx does not introduce new evidence
6

through the witnesses; rather, the witnesses simply explain the previously disclosed business records.

Regarding the exhibits attached to Ms. Accorso's affidavit, the court finds that Johnson did not request any records for employees at the Reading and Lancaster stations. (Id. at 5, 7). Johnson requested only a list of salaries and overtime records for all service agents and couriers in the York station. (Doc. 82-3; Doc. 96-7; Doc. 96-8). With respect to the evidence of total overtime hours, FedEx asserts that it timely delivered all requested overtime records and list of salaries for employees at the York station, but that Johnson did not request documents regarding total hours worked and detailed salary information. (Doc. 96 at 6). Upon review of the requests and the responses thereto, the court concludes that FedEx substantially complied with Johnson's discovery requests and sufficiently explained its failure to disclose under the fifth factor.

Finally, the court finds no indication that FedEx willfully withheld the evidence in bad faith to warrant exclusion under the sixth factor.

For these reasons, the court finds that exclusion of the evidence is not an appropriate sanction. FedEx has substantially justified its failure to disclose witnesses or produce certain documents, and it has shown that any shortcoming in its discovery responses was immaterial and non-prejudicial to Johnson.

7

**III. Conclusion**

For the above stated reasons, the court will deny Johnson's motion to exclude non-disclosed evidence (Doc. 82).

An appropriate order will issue.

                                /S/ CHRISTOPHER C. CONNER
                                Christopher C. Conner, Chief Judge
                                United States District Court
                                Middle District of Pennsylvania

Dated:        January 8, 2014