# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CATHALENE JOHNSON,** | CIVIL ACTION NO. 1:12-CV-444 |
| Plaintiff, | (Chief Judge Conner) |
| v. | |
| **FEDERAL EXPRESS CORPORATION,** | |
| Defendant. | |

## MEMORANDUM

Plaintiff Cathalene Johnson ("Johnson") filed the above-captioned action against defendant Federal Express Corporation ("FedEx"), alleging race and sex discrimination in violation of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended ("Title VII"), (2) the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), (3) the Equal Pay Act, 29 U.S.C. § 206(d) (the "EPA"), and (4) the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951 *et seq*. (the "PHRA"). Presently before the court in the above-captioned matter is FedEx's motion for reconsideration (Doc. 108), arising from the court's memorandum and order granting in part and denying in part FedEx's motion for summary judgment. (Docs. 105, 106). FedEx challenges the court's partial grant of summary judgment on Johnson's Section 1981 claim on the basis of the applicable statute of limitations. For the reasons that follow, the court will deny the motion for reconsideration.

I. **Factual Background and Procedural History**

In the context of a motion for reconsideration, the court will only summarize the factual background and procedural history. A more detailed account is set forth in the court's memorandum and order dated February 10, 2014 on the parties' cross-motions for summary judgment, familiarity with which is presumed.

Plaintiff Cathalene Johnson, an African-American female, was employed by defendant FedEx, an international package delivery company, as a Senior Service Agent in FedEx's York, Pennsylvania station for over 17 years. (Doc. 1 ¶¶ 12-14; Doc. 73 ¶¶ 1, 7-8; Doc. 92 ¶¶ 1, 5-8). On May 2, 2011, Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), alleging that FedEx allowed Craig Pooler, a Caucasian male, to receive higher courier pay while working as a service agent. (Doc. 73 ¶ 14; Doc. 92 ¶ 14). On March 12, 2012, Johnson filed the instant action against FedEx for race and sex discrimination in violation of Title VII, Section 1981, the EPA, and the PHRA. (Doc. 1). In a memorandum and order dated February 10, 2014, the court granted partial summary judgment in favor of FedEx and against Johnson on (1) the Title VII and PHRA claims for any discriminatory acts prior to July 6, 2010, (2) the Section 1981 claim for any discriminatory acts prior to March 12, 2008, and (3) the EPA claim. (Docs. 105, 106). On February 24, 2014, FedEx filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 108). FedEx contends that the court improperly applied the Lilly Ledbetter Fair Pay Act of 2009 (the "FPA") in

2

concluding that Johnson's Section 1981 claim falls within the applicable statute of limitations. (Id.) The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) serve primarily to correct manifest errors of law or fact in a prior decision of the court. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe *ex rel.* Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal citation and quotations omitted). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

It follows from the remedial purpose of a Rule 59(e) motion that the standard of review relates back to the standard applicable in the underlying decision. See Fiorelli, 337 F.3d at 288. When a motion for reconsideration challenges the court's

3

decision to grant or deny summary judgment, Federal Rule of Civil Procedure 56 controls the analysis. Relief may be granted if the materials related to the summary judgment motion—including the pleadings, discovery materials, and affidavits—"show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court should consider all facts in the light most favorable to the non-moving party to determine whether a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 250-57; Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).

### III.    Discussion

#### A.    Motion for Summary Judgment

In its motion for summary judgment, FedEx argued that a two-year statute of limitations bars Johnson's Section 1981 claim. (Doc. 105 at 15). Relying on Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004), however, the court concluded that a four-year statute of limitations applies to Section 1981 claims arising under the Civil Rights Act of 1991. (Id. at 15-16).

In the case *sub judice*, the alleged discriminatory acts took place between 1996 and 2001 when FedEx allowed Pooler to operate as a service agent while receiving higher courier pay. (Id. at 16; see Doc. 1 ¶¶ 13, 15-17). However, Johnson did not file her complaint until March 12, 2012, long after the expiration of the four-year statute of limitations. (Doc. 105 at 16; see Doc. 1).

Johnson asserted that her Section 1981 claim was preserved due to equitable tolling as well as the continuous violation doctrine. (Doc. 105 at 16-19). The court rejected both arguments. (Id. at 17-19). Relevant to the instant motion, the court explained that the continuing violation doctrine applies only to a pattern of discriminatory acts that are not individually actionable; it is not applicable to discrete, actionable discriminatory acts. (Id. at 19). The court reiterated that, under the paycheck accrual rule as codified in the FPA, each paycheck issued pursuant to a discriminatory decision is a discrete discriminatory act for which a claim may be asserted. (Id.) Applying the paycheck accrual rule, the court held that Johnson's Section 1981 claim for race discrimination in compensation is limited to paychecks she received after March 12, 2008 within the four-year statute of limitations. (Id.)

### B.   Motion for Reconsideration

In the instant motion, FedEx challenges the court's partial summary judgment ruling on grounds that the FPA did not explicitly amend Section 1981; therefore, the paycheck accrual rule does not apply to Johnson's race discrimination claim. (Doc. 108 at 1-2). According to FedEx, the Supreme Court's holding in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007), entirely precludes Johnson's Section 1981 claim because she did not file the claim within four years of the alleged discriminatory compensation decisions. (Doc. 108 at 3). The court rejects this argument.

In <u>Ledbetter</u>, the Supreme Court held that the statute of limitations commences for a Title VII claim related to discrimination in compensation when the employer makes the discriminatory "pay-setting" decision. <u>Ledbetter</u>, 550 U.S. at 621. A new violation does not occur, and a new statute of limitations does not commence, when the employer takes subsequent non-discriminatory action, such as issuing paychecks, on the basis of the past discriminatory decision. <u>Id.</u> at 628. In so holding, the Supreme Court emphasized a distinction between a discrete discriminatory act, which gives rise to a new violation, and the non-discriminatory effects of a past discriminatory act. <u>Id.</u> at 624-28.

The majority in <u>Ledbetter</u> distinguished its prior ruling in <u>Bazemore v. Friday</u>, 478 U.S. 385 (1986), in which the Justice Brennan stated that "[e]ach week's paycheck that delivers less to a black than a similarly situated white is a wrong actionable under Title VII." <u>Bazemore</u>, 478 U.S. at 395. The Court limited the application of the paycheck accrual rule articulated in <u>Bazemore</u> to paychecks issued pursuant to a facially discriminatory pay structure. <u>Ledbetter</u>, 550 U.S. at 636. For a non-discriminatory and neutrally applied pay structure, only a discriminatory decision within the statute of limitations may support a claim for discrimination in compensation. <u>Id.</u> Any resulting paycheck is insufficient to remedy an otherwise untimely claim. <u>Id.</u>

Congress swiftly answered the Supreme Court's decision in <u>Ledbetter</u> with the FPA. Indeed, the express purpose of the FPA was "to reinstate the law regarding the timeliness of pay compensation claims as it was prior to the

Ledbetter decision, which Congress believed undermined statutory protections against compensation discrimination by unduly restricting the time period in which victims could challenge and recover for discriminatory compensation decisions." Mikula v. Allegheny County of Pa., 583 F.3d 181, 184 (3d Cir. 2009); see also Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, § 2, 123 Stat. 5 (2009); 155 CONG. REC. H546-03 (daily ed. Jan. 27, 2009); 155 CONG. REC. S212-03 (daily ed. Jan. 8, 2009) (statement of Sen. Ted Kennedy) ("[The Lilly Ledbetter Fair Pay Act] will restore the basic right of all workers, regardless of their race, sex, religion, national origin, age, or disability, to be paid fairly, free from discrimination.  It will restore workers' rights to challenge ongoing discrimination and hold unscrupulous employers accountable [and] . . . [it] will restore the long-standing rule that each discriminatory paycheck is a separate wrong that may be challenged by workers within the required period after receiving the check.").

     The FPA amends several anti-discrimination statutes, including Title VII, by providing that an unlawful employment practice with respect to discrimination in compensation occurs when (1) a discriminatory compensation decision or other practice is adopted, (2) a plaintiff becomes subject to the discriminatory compensation decision or other practice, or (3) the plaintiff is affected by application of the discriminatory compensation decision or other practice, including "each time wages, benefits, or other compensation is paid."  42 U.S.C. § 2000e-5(e)(3)(A).  Thus, under the FPA, each paycheck issued pursuant to a

discriminatory decision is a discrete discriminatory act which resets the applicable statute of limitations.

Subsequent to enactment of the FPA, courts have been divided regarding the scope of the paycheck accrual rule and the remaining impact of Ledbetter on Section 1981 and other claims not explicitly amended by the FPA.  Compare Russell v. County of Nassau, 696 F. Supp. 2d 213, 230 (E.D.N.Y. 2010) (holding that claims under Title VI and Sections 1981, 1983, and 1985 are governed by the Supreme Court's analysis in Ledbetter because the FPA did not amend those statutes), Maher v. Int'l Paper Co., 600 F. Supp. 2d 940 (W.D. Mich. 2009) (same for claims under the Family and Medical Leave Act), and Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 585 (E.D. Va. 2009) (declining to consider whether Ledbetter still applies to the Section 1981 claim after the FPA, but analyzing the alleged pay-setting decisions under the four-year statute of limitations), with Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1026 (7th Cir. 2011) (extending the paycheck accrual rule to equal protection claims under 42 U.S.C. § 1983 because the FPA "remov[ed] the Ledbetter decision as an obstacle to following our earlier precedents, which recognized the paycheck accrual rule for all allegations of unlawful discrimination in employee compensation"), Connelly v. Steel Valley Sch. Dist., No. 11-851, 2011 WL 5024415, at *3 (W.D. Pa. Oct. 20, 2011) ("Because the [Third Circuit] Court of Appeals has historically treated Title VII and section 1983 actions uniformly, the paycheck accrual rule applies in this case."), Summy-Long v. Pa. State Univ., No. 1:06-CV-1117, 2010 WL 1253472, at *12 (M.D.

8

Pa. Mar. 24, 2010) (analyzing Title IX and Sections 1983 and 1985 claims under the paycheck accrual rule because all three statutes rely on Title VII case law for statute of limtiations issues), Aspilaire v. Wyeth Pharm., Inc., 612 F. Supp. 2d 289, 303 n.6 (S.D.N.Y. 2009) (applying the FPA to Section 1981 claim because Title VII and Section 1981 claims are frequently analyzed under the same framework), and Shockley v. Minner, No. 06-478 JJF, 2009 WL 866792, at *1 (D. Del. Mar. 31, 2009) (concluding that the FPA "explicitly overruled the decision and logic" of Ledbetter). At best, the law regarding the relationship between the FPA and Ledbetter remains unsettled. Given this uncertainty, FedEx has failed to establish that the court committed a clear error of law or fact in applying the paycheck accrual rule to Johnson's Section 1981 claim.[1]

### IV. Conclusion

For the above stated reasons, the court will deny FedEx's motion for reconsideration of the court's partial grant of summary judgment regarding Johnson's Section 1981 claim.

---

[1] Moreover, in the exercise of caution, the court notes that Johnson has set forth undisputed facts regarding an additional discriminatory compensation decision within the four-year statute of limitations. Specifically, Johnson asserts that, in 2011, she requested a pay raise to achieve wage parity with Pooler, but she never received a response from FedEx. (Doc. 109 at 2; see Doc. 92 ¶ 13; Doc. 93-1, Ex. 50). In Mikula, the Third Circuit addressed an identical situation and held that the failure to answer a request for a raise is equivalent to an explicit denial of the request and may qualify as a discriminatory compensation decision. See Mikula, 583 F.3d at 186. Hence, even if the paycheck accrual rule is not applicable to Section 1981 claims, FedEx's failure to respond to Johnson's request for pay equity supports the court's conclusion that Johnson's Section 1981 claim falls within the statute of limitations.

An appropriate order will issue.

          /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       April 22, 2014