IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHALENE JOHNSON**, | : | CIVIL ACTION NO. 1:12-CV-444 |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **FEDERAL EXPRESS CORPORATION**, | : | |
| Defendant. | : | |

# ORDER

AND NOW, this 5th day of May, 2014, upon consideration of the motion for reconsideration (Doc. 147) filed by plaintiff Cathalene Johnson, wherein Johnson seeks reconsideration of the court's order (Doc. 142) dated April 24, 2014, denying Johnson's motion *in limine* to exclude undisclosed witnesses,[1] and it appearing that

---

[1] The court denied the underlying motion *in limine* with respect to 14 of the 21 named witnesses pursuant to Federal Rule of Civil Procedure 26(e). The court found that FedEx disclosed the witnesses in the course of discovery and that FedEx had no further duty to amend or supplement its disclosures. See FED. R. CIV. P. 26(e)(1)(A) (A party must supplement or correct its disclosure if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). The court also denied the motion without prejudice as to the seven witnesses who were not previously disclosed because FedEx offered them solely for the purpose of rebuttal. See, e.g., Doe v. Lower Merion Sch. Dist., 665 F.3d 524, 558 (3d Cir. 2011) (holding that the district court did not abuse its discretion in allowing defendant to call certain rebuttal witnesses because witnesses were disclosed in pretrial memorandum and their testimony was within scope of proper rebuttal). Finally, to ameliorate any prejudice to Johnson, the court required FedEx to supplement its witness list with descriptions of the scope of each witnesses's testimony by the close of business on May 6, 2014. The court notes that FedEx complied with the court's directive four days early on May 2, 2014. (Doc. 148).

the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and that the court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but it also appearing that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp. v. Zlotnicki, 779 F.2d at 909, and the court noting that Johnson asserts that new evidence justifies reconsideration of her motion *in limine*, but that Johnson merely argues that defendant Federal Express Corporation's ("FedEx") rationale for the necessity of these witnesses is meritless and that additional investigation of the depositions reveals that FedEx's disclosure of the witnesses was insufficient,[2] see Jama Corp. v. Gupta, No. 3:99-CV-1624, 2008 WL 554905, at *2 (M.D. Pa. Feb. 28, 2008) (denying motion for reconsideration when plaintiffs only submitted previously

---

[2] Johnson asserts that she was unable to make these arguments in a timely manner because the court ruled on the motion *in limine* two days after FedEx filed its brief in opposition and one day before the pre-trial conference. (Doc. 147-1 at 3 n.2). Contrary to Johnson's assertions, however, the record clearly demonstrates that the court gave both parties ample opportunity to address the motion during the pre-trial conference on April 23, 2014. The court notes that Johnson failed to raise any additional arguments at that time. Accordingly, the court issued its order (Doc. 142) denying the motion for the reasons stated herein.

available documentation in support of underlying motion for attorney's fees), it is hereby ORDERED that the motion for reconsideration (Doc. 147) of the court's order (Doc. 142) dated April 24, 2014 is DENIED.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania